UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, aka FANNIE MAE,<br><br>    Plaintiff,<br><br>vs.<br><br>NICHOLAS PALMER, an individual; NICOLE PALMER, an individual; DOES 1 THROUGH X, unknown occupants of the property commonly known as 2145 W. Divide Street, Meridian, Ada County, Idaho,<br><br>    Defendants. | Case No. CV 11-286-S-EJL-REB<br><br>**AMENDED<br>REPORT AND RECOMMENDATION** |

# AMENDED REPORT[1]

## BACKGROUND

On June 9, 2011 Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint in the District Court of the Fourth Judicial District in and for the County of Ada, Idaho (Magistrate Division), seeking to evict Defendants Nicholas and Nicole Palmer ("the Palmers") from residential real property located at 2145 W. Divide Street, Meridian, Idaho ("the property"). Fannie Mae alleged that it held title to the property pursuant to a foreclosure sale Trustee's Deed which was recorded on April 6, 2011 as Instrument No. 111028731 in the records of Ada County, Idaho. (Compl., Ex. A, Dkt. 1-1). The Palmers continued to reside at the property. Fannie Mae asserted its right to possession pursuant to Idaho Code § 45-1506(11)

---

[1] This Report and Recommendation is amended solely to correct a typographical error of the property's address located on page 1 of the decision.

**AMENDED REPORT AND RECOMMENDATION - 1**

and sought possession of the property and eviction of the Palmers pursuant to Idaho Code § 6-310. No monetary damages were claimed other than Fannie Mae's costs and attorney fees in the amount of $350.00 if the action was not contested.

The Palmers removed the case to this Court on June 20, 2011 contending that the eviction action is without proper basis, that Fannie Mae is not the true owner of the property, and that the foreclosure sale was invalid. The Palmers contend that diversity jurisdiction exists in this court under 28 U.S.C. § 1332, claiming the amount in controversy requirement is met because the value of the property exceeds $75,000 and the balance due on the original debt regarding the security interests in the property exceeds $75,000. (Notice of Removal, Dkt. 1).

On July 18, 2011, the Palmers filed an Answer and brought a counterclaim to quiet title (Dkt. 12). The Palmers contest the validity of the Trustee's Sale, and argue that Fannie Mae did not enter a valid bid at the sale and therefore cannot be the owner of the property. In their counterclaim, the Palmers seek to quiet title and seek a determination of Fannie Mae's and any other person or entity's purported interest in the property.

On September 9, 2011, Fannie Mae filed a motion to dismiss the Palmers' counterclaim to quiet title (Dkt. 25) and to take judicial notice of the Promissory Note and Deed of Trust (Dkt. 26).

## DISCUSSION

**1.    The Court Does Not Have Jurisdiction**

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit has recognized that a "court may

raise the question of subject matter jurisdiction, *sua sponte*, at any time . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Under 28 U.S.C. § 1441, a defendant may remove an action originally filed in state court to federal court if the federal court would have had original jurisdiction when the action first commenced. 28 U.S.C. § 1332(a) provides the basis for federal jurisdiction of all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state." The sum or amount in controversy is determined by the amount of damages in dispute. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The Court's jurisdiction may also be based on a "federal question," that is a civil action arising under the Constitution, laws, or treaties of the United States, as disclosed on the face of the complaint. 28 U.S.C. § 1331; *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

The Court must strictly construe 28 U.S.C. § 1441 against removal jurisdiction. If there is any doubt as to the right of removal, jurisdiction must be rejected. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1995). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

When suit is instituted in state court and removed to federal court, a strong presumption exists that the plaintiff has not claimed a large enough amount to confer jurisdiction on a federal court. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). When it is not facially apparent from the complaint that the damage claims exceed the amount in controversy, the defendant must prove by a preponderance of evidence that plaintiff's claims exceeds the

**AMENDED REPORT AND RECOMMENDATION - 3**

amount in controversy.[2] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (finding that defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the federal jurisdiction threshold). To do this, the removing party may present facts in the notice of removal and "summary-judgment-type evidence." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing defendant cannot base removal on conclusory allegations. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1977).

28 U.S.C. § 1446(b) requires that the claim, or claims, contained in the initial pleading justify removal. Neither a party's defense nor a counterclaim can form the basis for removal to federal court. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest "upon an actual or anticipated counterclaim.")

---

[2] This "preponderance of the evidence" requirement has been codified at 28 U.S.C. § 1446(c)(2):

> If removal of civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that -
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks -
>  (i) nonmonetary relief; or
>  (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

**AMENDED REPORT AND RECOMMENDATION - 4**

Here, the Palmers seek diversity jurisdiction removal under 28 U.S.C. § 1332.[3] The amount in controversy is determined from the pleadings as they exist when the petition for removal is filed. *Eagle v. Am. Tel. & Tel.*, 769 F.2d 541, 545 (9th Cir. 1985). The Palmers allege that the amount in controversy requirement is met because the value of the property exceeds $75,000 and the original debt exceeds $75,000. However, the Palmers have not established by a preponderance of the evidence that the amount of controversy is satisfied. While it is true that in actions to quiet title, the value of the home often provides the amount in controversy, Fannie Mae's complaint in this case seeks to evict the Palmers. *See Rodriguez v. Wells Fargo Bank, N.A.*, 2011 WL 6304152, *3 (N.D. Cal. Dec. 16, 2011). The action to quiet title is only set forth as a counterclaim by the Palmers, which cannot provide the basis for federal court jurisdiction. *See Vaden*, 556 U.S. at 60. Other than the conclusory allegation that the amount in controversy exceeds $75,000, the Palmers have failed to meet their burden of showing that the amount in controversy is satisfied. Fannie Mae's complaint does not seek any monetary damages. Rather, Fannie Mae seeks to evict the Palmers from the property. The Complaint contains a request for costs and reasonable attorney fees of $350 if the matter is not contested and "reasonable" fees and costs if the matter is contested. The Court cannot discern any way in which the attorney fees could exceed $75,000 in an action for eviction. Accordingly, it is recommended that this case be remanded to Idaho state court.

---

[3] The Palmers do not assert federal question jurisdiction. Nonetheless, the Court notes that federal question jurisdiction does not exist here as Fannie Mae's complaint contains a claim for eviction under state law.

**AMENDED REPORT AND RECOMMENDATION - 5**

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1) This case be REMANDED to the Fourth Judicial District of the State of Idaho, in and for the County of Ada (Magistrate Division), Case No. CV OC 1111315.



DATED: **May 21, 2012**

Honorable Ronald E. Bush
U. S. Magistrate Judge